Dear Mr. Bujol:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of legal fees for representation of the school board. A tenure hearing was conducted involving allegations of misconduct of a teacher at North Iberville Elementary and High School. In response to a request by a resolution of the School Board, this office approved employment of a private counsel to represent the School Board in this matter, and Mr. Joe Bertrand was retained. The teacher was dismissed but subsequently filed suit in the District Court alleging an unfair dismissal, and filed a discrimination complaint with Equal Employment Opportunity Commission. Mr. Bertrand continued to represent the interest of the School Board and the Superintendent who were named defendants. The EEOC complaint and district court case after appeal and remand were resolved in favor of the School Board. Mr. Bertrand's law firm was paid approximately $21,428 for the services rendered for the EEOC and court case, exclusive of the tenure hearing. Unknown to the School Board and Superintendent, the School Board's insurance carrier, United Community Insurance Company, had contracted with Mr. Lou Delahaye to represent its interest and that of the School Board. Mr. Delahaye is an Assistant District Attorney assigned by the District Attorney to represent the School Board on legal matters. The Insurance Company billed the School Board for the $5,000 deductible associated with its policy, having paid Mr. Delahaye $6,500 for his representation of the Company and School Board. A meeting was held with the District Attorney to discuss the situation and he stated he would review the matter. Hearing nothing from the District Attorney and receiving a second bill from the Insurance Company, the School Board passed a resolution requesting this opinion.
Inquiry is made as to the propriety of Mr. Delahaye representing the School Board as an Assistant District Attorney and at the same time representing its insurance carrier as a private attorney.
Also, the School Board is concerned that Mr. Bertrand's bill of approximately $21,428 could have been paid by the Insurance Company less the $5,000 deductible, saving the School Board $16,428, and therefore, questions who should be liable for this amount.
While R.S. 16:2(A) designates the District Attorney as regular attorney for Parish School Boards, there are further provisions that permit each Parish School Board to employ its own attorney. R.S. 16:2(B) and R.S. 42:261.1 provide that a parish school board may retain its own attorney to represent it generally and such employment shall relieve the district attorney of the judicial district from the responsibility of serving as counsel for such school board. When the school board does not employ a general counsel in accordance with R.S. 42:262, under R.S. 42:263 any state board may retain special counsel for representation when a real necessity exits in a special matter solely after written approval of the Attorney General who must also approve the amount of payment. It is further required that the approval be spread upon the minutes and published in the official journal.
Pursuant to a resolution stating the necessity of hiring special counsel, this office approved retaining Mr. Bertrand at a specified hourly rate. If the further necessary procedure for obtaining approval of special counsel was followed by publishing the approval obtained from the Attorney General, we must conclude that the District Attorney's office was relieved of representation of the School Board.
Moreover, as we understand the facts Mr. Delahaye was not acting as the school board's legal representative assigned by the District Attorney's office but was retained under contract by the School Board's insurer, of which the school board maintains it was unaware.
We do not believe the School Board can escape its contractual obligation with the insurance company for the $5000 deductible by selecting its own counsel for the same representation that it had already obtained by the insurance contract. While we do not know how the insurance company was made aware of the proceedings, it must be concluded the school board by the insurance contract knew of the insurer's obligation to defend the School Board and its obligations to pay the deductible. Moreover, the special attorney hired by the School Board must have been aware of this representation of the School Board by the insurance company, and this knowledge should be imputed to the School Board inasmuch as he was acting on their behalf.
Although the District Attorney had assigned Mr. Delahaye to represent the School Board on legal matters, we do not know that the insurance agreement requires the insurer utilize this representation, and it appears in the facts presented that the insurance company entered into a contract with Mr. Delahaye that does not involve his appointment to the District Attorney's office. However, if Mr. Delahaye was retained pursuant to the requirement that the District Attorney represent the School Board without extra compensation, he would not have a right to approximately $6,500. He must represent the School Board without further compensation if requested by the School Board, but it does not appear this was his status in the case in question. It is indicated his was an independent contract with the insurance company as a private attorney whose service was not sought by the School Board under the statutory obligation of representation by the District Attorney.
If Mr. Delahaye's contract with the Insurance Company was unethical is a question for the Ethics Commission, but we do not find it was illegal under the circumstances set forth. Unless the contract states to the contrary, the insurer could hire Mr. Delahaye.
Insofar as who should be liable for the $16,438 expended by hiring Mr. Bertrand rather than having a defense under the insurance contract where the cost to the School Board would have been restricted to the $5000.00 deductible, we must conclude, unless there are facts about which we are unaware, this is the liability of the school board who entered into the contract with Mr. Bertrand and for reasons of their own ignored the defense required by the insurer under the insurance contract, or the mandate that the District Attorney be the regular counsel for the School Board.
Inasmuch as a complete resolution of the liability depends upon certain factual determinations which is beyond the scope to this office's authority, we can only suggest from the information given what appears to be the liability of the School Board.
We hope this sufficiently answers your inquiry but it may be necessary to have the matter resolved through litigation where all the facts are presented.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
BBR